1   JOHN YSLAS (BAR NO. 187324)
    JENNIFER A. AWREY (BAR NO. 244332)
2   JENNIFER J. WIEGLEY (BAR NO. 262953)
    **NORTON ROSE FULBRIGHT US LLP**
3   555 South Flower Street
    Forty-First Floor
4   Los Angeles, California  90071
    Telephone:  (213) 892-9200
5   Facsimile:  (213) 892-9494
    john.yslas@nortonrosefulbright.com
6   jennifer.awrey@nortonrosefulbright.com
    jennifer.wiegley@nortonrosefulbright.com
7
    Attorneys for Defendant
8   WAL-MART STORES, INC.

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12  AFROUZ  NIKMANESH, on behalf of           Civil Action No.  8:15-CV-00202
    herself, the general public, and all others
13  similarly situated,                        **DEFENDANT WAL-MART**
                                               **STORES, INC.'S NOTICE OF**
14              Plaintiffs,                     **REMOVAL**

15         v.                                  First Amended
                                               Complaint Filed:   January 6, 2015
16  WAL-MART STORES, INC., a
    Delaware corporation, and DOES 1
17  through 10, inclusive,

18              Defendants.

19

20                          **<u>NOTICE</u>**

21         TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL

22  PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

23         PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441(a)

24  1446, and 1453, defendant Wal-Mart Stores, Inc. ("Wal-Mart") hereby removes the

25  state court action entitled *Afrouz Nikmanesh, et al. v. Wal-Mart Stores, Inc.*, Case

26  No. 30-2014-00760054-CU-OE-CXC, from the Superior Court of the State of

27  California, County of Orange (the "State Court Action"), to the United States

28  District Court for the Central District of California.  As set forth below, the Court

DOCUMENT PREPARED
ON RECYCLED PAPER

35105143.6

has jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. sections 1331 and 1441(a).  The Court also has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), codified in relevant part at 28 U.S.C. sections 1332(d) and 1453.

## I.   GENERAL INFORMATION[1]

1.    Plaintiff Afrouz Nikmanesh ("Plaintiff") initially filed a Class and Representative Action Complaint in the State Court Action against Wal-Mart on December 8, 2014, but did not serve that initial Complaint.  Plaintiff filed a First Amended Complaint ("FAC") on January 6, 2015.  The twelve claims alleged in Plaintiff's FAC are: (1) Unpaid Overtime (Cal. Lab. Code §§ 510, 558, 1194 and Wage Order No. 4-2001); (2) Failure to Pay Minimum Wage (Cal. Lab. Code §§ 1182.12, 1194 and Wage Order No. 4-2001); (3) Unpaid Overtime (Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216); (4) Failure to Pay Minimum Wage (FLSA, 29 U.S.C. § 206(a)); (5) Waiting Penalties (Cal. Lab. Code §§ 201-203); (6) Failure to Provide Itemized Wage Statements (Cal. Lab. Code § 226(a)); (7) Failure to Provide Rest Periods (Cal. Lab. Code § 226.7 and Wage Order No. 4-2001); (8) Unfair Competition (Cal. Business & Professions Code §§ 17200 et seq.); (9) Breach of Contract; (10) Wrongful Termination in Violation of Public Policy; (11) Unlawful Retaliation (Cal. Lab. Code § 1102.5); (12) Violation of Private Attorneys' General Act ("PAGA") (Cal. Lab. Code § 2699).[2]  In accordance

---

[1] Pursuant to 28 U.S.C. section 1446(a), this Notice provides a short and plain statement of the grounds for removal.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. ___, 2014 U.S. LEXIS 8435, *10-11 (2014).  As recently explained by the Supreme Court, such notices need only include plausible allegations that the jurisdictional requirements are met; evidence supporting the allegations is required only if the plaintiff (or the Court) questions the allegations and seeks remand.  *Id.* at *14.

[2] For the purpose of removal only, Wal-Mart assumes the truth of the allegations and causes of action set forth in the FAC.  Wal-Mart denies that it has any liability to Plaintiff or the class she seeks to represent, and denies that Plaintiff or the putative class members are entitled to recover the damages, restitution and other

with 28 U.S.C. section 1446(a), true and correct copies of the Complaint and FAC filed in the State Court Action and all process, pleadings, and orders served upon Wal-Mart are attached as Exhibits A and B, respectively, to the concurrently filed Declaration of John Yslas In Support of Wal-Mart Stores, Inc.'s Notice of Removal ("Yslas Decl.").

2.     In her FAC, Plaintiff seeks damages, restitution, punitive damages, and attorneys' fees on behalf of herself and on behalf of a putative class of California and nationwide current and former employees.   (FAC at ¶¶ 1-14 of Prayer for Relief.)  Although the FAC is vaguely pleaded and insufficiently specific, Plaintiff generally alleges (among other things) that she and similarly situated pharmacy employees in California and the United States were denied compensation for time spent working "off the clock" taking the home study and test portions of the APHA Immunization Certification Training Course, that California pharmacists were not provided required rest periods, and that she herself was subject to retaliation and wrongful termination, and seeks corresponding alleged damages, penalties and other relief.  (FAC ¶¶ 20, 26, 32, 39, 45, 51, 56, 61, 67, 74, 79, 85.)

3.     The class that Plaintiff seeks to represent is composed of four sub-classes and defined as follows:

> Class A: "[A]ll current or former nonexempt employees, employed by Defendant as Pharmacists in the State of California and who took the APHA Immunization Certification Training Course…during their employment within four years of the filing of the original complaint until date of judgment."
>
> Class B: "[A]ll current or former nonexempt employees, employed by Defendant as Pharmacists in the United States, and who took the Training Course during their employment within three years of the filing of the original complaint until date of judgment."
>
> Class C: "[A]ll current or former nonexempt employees, employed by Defendant as Pharmacists within the State of California within one year of filing of the original

relief requested in the FAC.  Wal-Mart also submits that this action does not satisfy the requirements for class certification under Federal Rule of Civil Procedure 23.

Document Prepared
on Recycled Paper

35105143.6

- 3 -

complaint to the date of judgment, who were not furnished, either as a detachable part of the check, draft or voucher paying the employee wages, separately when wages were paid by personal check or cash, an accurate itemized statement in writing showing the total hours worked by each employee and/or furnished with all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

Class D: [A]ll current or former nonexempt employees, employed by Defendant as Pharmacists in the State of California within four years of the date of the filing of the original complaint to the date of judgment, who were not provided a 10-minute rest period for shifts of 3 ½ to 6 hours and/or were not provided a second 10-minute rest period for shifts of 6 to 10 hours…"

(FAC ¶ 11.)

4.     Wal-Mart's registered agent was served with the Summons and FAC on January 8, 2015.

5.     Wal-Mart is the only named defendant in the State Court Action.

6.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 1331, 1332(d)(2), 1367, 1441(a), 1441(b), and 1453.

7.     Venue properly lies in the United States District Court for the Central District of California, Southern Division, because the State Court Action was pending in Orange County Superior Court, and the Central District of California is the judicial district embracing the place where the State Court Action was brought. 28 U.S.C. §§ 84(a), 1441(a), 1446(a).

8.     Because the FAC in this matter was served on January 8, 2015, this Notice of Removal is timely within the period prescribed in 28 U.S.C. section 1446(b).

## II.     FEDERAL QUESTION JURISDICTION

9.     Plaintiff alleges claims under the FLSA, including 29 U.S.C. sections 207 and 216 (FAC ¶ 13, 32, 39).   Therefore, federal question jurisdiction exists

over Plaintiff's claims under 28 U.S.C. section 1331 because resolution of Plaintiff's claims will require adjudication of disputed questions of federal law.

10. Because Plaintiff's FLSA claims arise under the laws of the United States, removal of this entire action is therefore appropriate under 28 U.S.C. section 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

## III.   CAFA JURISDICTION

12. This Court has jurisdiction over this action pursuant to CAFA, and this case may be removed by Wal-Mart pursuant to the provisions of 28 U.S.C. section 1332(d) because this is a civil class action in which (1) the proposed class contains at least 100 members; (2) the defendant is not a state, state official or other governmental entity; (3) the total amount in controversy exceeds $5,000,000; and (4) there is diversity between at least one class member and the defendant. 28 U.S.C. § 1332(d).

**A.   This Lawsuit Is A Covered Civil Action**

13. A CAFA covered civil action is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b).   This action meets that definition because it is filed under Code of Civil Procedure section 382, a State statute similar to Rule 23.   (FAC ¶ 18.)

**B.   The Proposed Class Contains At Least 100 Members**

14. Plaintiff brings this action on her own behalf and as a class action. (FAC ¶ 11.)

15. Although Plaintiff does not allege the precise number of potential class members, she states in her FAC that each of the four subclasses "consists of at least 300 employees."   (FAC ¶ 12.)   Wal-Mart also affirmatively alleges that there are more than 100 employees in the putative class.

16.     Plaintiff alleges in Paragraph 11 of her FAC that the relevant time period for her California claims begins four years prior to the filing of the original Complaint to present.   Thus, the alleged relevant time period alleged for the California class is December 8, 2010, until present.  Plaintiff alleges in Paragraph 11 of her FAC that her nationwide claims begin three years prior to the filing of the original Complaint to present.  Thus, the alleged relevant time period alleged for the nationwide class is December 8, 2011, until present. [3]

**C.     Defendant Is Not A Government Entity**

17.     Wal-Mart is not a state, state official, or other governmental entity.

**D.     The Amount In Controversy Exceeds $5,000,000**

18.     Plaintiff contends that the California and nationwide Class Members were not paid for all hours worked (and should be awarded liquidated damages pursuant to 29 U.S.C. § 206(a)), that California pharmacists were not provided with legally compliant rest periods (and should be paid premium wages of an hour of pay for each missed rest period), were not timely provided wages upon termination (and should be provided waiting time penalties for up to 30 days of pay), were not provided with legally compliant wage statements, and are entitled to other relief. (*See e.g.*, FAC, ¶¶ 20, 26, 32, 39.)  In other words, Plaintiff claims that all non-exempt pharmacists who have worked for Wal-Mart in California at any point during the last four years or in all other states at any point in the last three years are owed unpaid wages and damages as well as various penalties under the California and federal law. (*See e.g.*, FAC, ¶¶ 45, 51, 56, 79, 86.)

19.     In addition to asserting claims alleging restitution and other relief in her UCL claim, Plaintiff has alleged claims under the California Labor Code and FLSA, which all provide for the potential recovery of attorneys' fees. *See* Cal. Lab.

---

[3] As with all claims, Wal-Mart reserves all defenses and rights, including but not limited to arguing the alleged statutes of limitations do not apply to some and/or all claims.  The allegations here only address the amount that is in controversy.

Code §§ 218.5; 29 U.S.C. § 216(b).  The FAC explicitly requests attorneys' fees and punitive damages.[4]  (*See e.g.*, FAC, Prayer, ¶¶ 1-7, 10-11.).  Potential attorney fees and punitive damages are properly included in determining the amount in controversy.  *See Loudermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994 (9th Cir. 2007) (attorney may be included when calculating whether the amount in controversy is satisfied under CAFA); *Tompkins v. Basic Research LL*, 2008 LEXIS 81411, at *4 (E.D. Cal. Apr. 22, 2008) (punitive damages may be aggregated to amount in controversy).  Although Wal-Mart denies that Plaintiff and her counsel are (or ever will be) entitled to any attorney fees in this action, Wal-Mart reasonably anticipates that, if Plaintiff eventually prevails in this action, her counsel will request attorney fees of approximately 25% of any class recovery.  *See McKenzie v. Fed. Express Corp.*, 2012 U.S. Dist. LEXIS 103666, *19-31 (C.D. Cal., July 2, 2012).

20.    Wal-Mart denies the validity of Plaintiff's claims and requests for relief, but alleges that the allegations in Plaintiff's FAC and corresponding monetary relief make the amount-in-controversy exceed the $5,000,000 jurisdictional minimum, both independently for each of the California and nationwide putative classes, and collectively.

**E.    The Parties Are At Least Minimally Diverse**

21.    Under CAFA, diversity exists if the citizenship of "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* U.S.C. § 1332(d)(2)(A).

22.    The Plaintiff was, at the time of commencing the State Court action, and still is, a citizen and resident of the State of California.  (*See, e.g.*, FAC ¶ 7.)  Furthermore, Plaintiff purports to represent a putative class of all pharmacists employed by Wal-Mart and residing in the state of California since 2010.  (FAC ¶ 11.)

---

[4] Wal-Mart denies that punitive damages are proper in this case.

DOCUMENT PREPARED
ON RECYCLED PAPER

23.    A corporation is a citizen of the state of its incorporation and the state where its principal place of business is located.  28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

24.    Wal-Mart was, and still is, a corporation incorporated under the laws of the State of Delaware with its corporate headquarters and principal place of business in the State of Arkansas.  (FAC, ¶ 1; Yslas Decl., ¶ 5.)

25.    Because Wal-Mart is a citizen of Delaware and Arkansas and one or more named Plaintiff is a citizen of California, CAFA's minimum diversity requirement is met.

**F.    No CAFA Exceptions Apply**

26.    This action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. section 1332(d).  Neither the "local controversy" exception nor the "home state controversy" exceptions are applicable because Wal-Mart is not a citizen of California.  *See* 28 U.S.C. §§ 1332(d)(4)(A)(i)(II)(cc) & (d)(4)(B).

**IV.    CONCLUSION**

32.    For the reasons stated above, removal pursuant to federal question jurisdiction and CAFA jurisdiction, 28 U.S.C. sections 1331, 1332(d)(2), and 1441, is appropriate.

33.    Pursuant to 28 U.S.C. section 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court of California, County of Orange.

34.    Pursuant to 28 U.S.C. section 1446(d), Wal-Mart is providing written notice of the removal of this action to Plaintiff by serving Plaintiff's counsel.

35.    Pursuant to 28 U.S.C. section 1446(a), copies of all processes, pleadings, and orders served upon Wal-Mart are being filed with the Court contemporaneously with this Notice of Removal, as Exhibits A-B to the Yslas

Declaration.   By filing this Notice of Removal, Wal-Mart does not waive any jurisdictional objection or other defenses available to it under the law.

36.   The undersigned counsel for Wal-Mart has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. section 1446(a).

WHEREFORE, Wal-Mart prays that the above action now pending against it in the Superior Court of the State of California, County of Orange, be removed to this Honorable Court, and requests that this Court retain jurisdiction for all further proceedings.

Dated:  February 6, 2015           JOHN YSLAS
                                   JENNIFER A. AWREY
                                   JENNIFER J. WIEGLEY
                                   **NORTON ROSE FULBRIGHT US LLP**


                                   By     */s/ John Yslas*
                                          JOHN YSLAS
                                          Attorneys For Defendant
                                          WAL-MART STORES, INC.