Eric M. Epstein, SBN 64055
Eric M. Epstein, APC
1901 Avenue of the Stars, #1100
Los Angeles, CA 90067-6002
310/552-5366
emepstein@aol.com

Dayton B. Parcells, III, SBN 127495
Parcells Law Firm
1901 Avenue of the Stars, #1100
Los Angeles, CA 90067
310/201-9882
dbparcells@parcellslaw.com

Mark R. Thierman, SBN 72913
Joshua D. Buck, SBN 258324
Thierman Buck LLP
7287 Lakeside Drive
Reno, NV 89511
775/284-1500
Mark@Thiermanbuck.com
Josh@Thiermanbuck.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| AFROUZ NIKMANESH, ELVIS ATENCIO, ANNA NGUYEN, AND EFFIE SPENTZOS, on behalf of themselves, the general public, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware corporation, and WAL-MART ASSOCIATES, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:15-cv-00202 AG-JCG<br><br>Judge: Andrew J. Guilford<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF MALCOLM S. COHEN, PH.D. IN SUPPORT OF PLAINTIFFS'MOTION FOR CLASS CERTIFICATION**<br><br>Date:       November 28, 2016<br>Time:       10:00 a.m.<br>Courtroom: 10D |

# TABLE OF CONTENTS

I. Introduction ..................................................................................................1

II. The Criticisms of Dr. Cohen's Analysis and Methodology By Wal-..Mart's Experts Are Addressed in Dr. Cohen's Supplemental Declaration ..................................................................................................2

III. Wal-Mart's Objections Fail on the Initial Premise that Plaintiffs' Expert is Required to Complete the Survey and Damages Analysis Prior to Certification Because No "Class" Has Been Established to Determine Who Should Be Included in the Survey Sample .......................................................4

IV. To the Extent a *Daubert* Analysis is Conducted at Certification the Only Inquiry Is Whether the Evidence is Useful In Evaluating Whether the Rule 23 Elements are Met........................................................................................6

V. All of Wal-Mart's Arguments Are Directed at the Merits Which is Not a Proper Basis for Excluding Dr. Cohen's Declaration......................................8

VI. If the Court Finds Dr. Cohen's Testimony Relevant to Certification Issues, it Can Be Considered ......................................................................................12

VII. Conclusion ..................................................................................................12

# TABLE OF AUTHORITIES

**FEDERAL STATUTES AND REGULATIONS**

Federal Rule of Evidence ("FRE") 702 ........................................................................ 1

**FEDERAL CASES**

*Anderson v. Mt. Clemens Pottery Co.* (1946) 328 U.S. 680, 687; *Tyson Foods, Inc. v. Bouaphakeo* (2016) 136 S.Ct. 1036, 1047. ...................................................... 8

*Blackie v. Barrack* (9th Cir.1975) 524 F.2d 891, 900-01 ........................................ 12

*Chavez v. Blue Sky Natural Beverage Co.* 268 F.R.D. 365, 377 (N.D.Cal. 2010). .. 8

*Culley v. Lincare, Inc., et al* 2016 WL 4208567 (E.D.Cal., Aug. 10, 2016) ........... 6

*Daubert v. Merrill Dow Pharmaceuticals, Inc.* (1993) 509 U.S. 579 ......... 1, 6, 7, 11

*Dukes v. Wal-Mart Stores, Inc.* (2004) 222 F.R.D. 189, 191; .............................. 6, 7

*Guido v. L'Oreal, USA, Inc.* 2014 WL 6603730 *9 (C.D.Cal., 2014) ............ 6, 7, 11

*Hanlon v. Chrysler Corp.* (9th Cir.1998) 150 F.3d 1011, 1024 ................................ 5

*Keilholtz v. Lennox Health Prods., Inc.* (N.D.Cal., 2010) 268 F.R.D. 330, 337 n 3 ..................................................................................................................... 12

*Leyva v. Medline Indus., Inc.* (9th Cir.2013) 716 F.3d 510, 514. ................... 1, 6, 7, 8

*Moore v. Ulta Salon, Cosmetics, & Fragrance, Inc.* 311 F.R.D. 590, 616-617 (C.D.Cal., Nov. 16, 2015) .............................................................................. 10

*Rai v. Santa Clara Valley Trans. Auth.* 308 F.R.D. 245, 256 (N.D.Cal., Feb. 24, 2015) ............................................................................................................. 9

*Spann v. J.C. Penney Corp.* (2015) ..................................................................... 5, 7

*Tait v. BSH Home Appliances,* C.D. Cal. 289, F.R.D. 466 at 492-493 ................. 7, 8

*Tyson Foods, Inc. supra* 136 S.Ct. at 1047 .......................................................... 7, 8

**STATE CASES**

*Duran v. U.S. Bank Nat. Assn.* 59 Cal.4th 1 (2014) ................................................ 3

*Faulkinbury v. Boyd & Assoc.* (2013) 216 Cal.App.4th 220, 230 ............................ 8

ii
PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF MALCOLM S. COHEN, PH.D.

## I. Introduction

On October 26, 2016, Plaintiffs filed their Motion for Class Certification of the Rest Break Class pursuant to Federal Rules of Civil Procedure Rule 23 ("Motion"). (Docket No. 152). Included in support of Plaintiffs' Motion was a declaration from Malcolm S. Cohen, Ph.D. (Docket No. 152-6) Dr. Cohen's declaration was submitted in support of Plaintiffs' argument that a class action is superior to individual actions and only for the limited purpose of establishing a methodology exists to prove damages and liability on a class-wide basis.

Defendant, Wal-Mart Stores, Inc. ("Wal-Mart") filed evidentiary objections to Dr. Cohen's declaration which reads more like a Motion to Strike. Wal-Mart asserts two primary objections to Dr. Cohen's declaration: (1) Dr. Cohen's declaration is irrelevant because it does not establish liability because the analysis and survey were not actually conducted yet, and; (2) Dr. Cohen's testimony is not *admissible* under Federal Rule of Evidence ("FRE") 702 relating to expert witness testimony.[1] Ultimately Wal-Mart argues that for purposes of class certification an expert's testimony must be analyzed fully under the "rigorous requirements of *Daubert v. Merrill Dow Pharmaceuticals, Inc.* (1993) 509 U.S. 579.[2] This does not accurately reflect the role of *Daubert* at the certification stage which is only applied, if at all, on a limited basis. *Leyva v. Medline Industries* 716 F.3d 510, 514 (9th Cir.2013) [model purporting to serve as evidence of damages need only measure those damages attributable to plaintiff's theory of liability.]

As set forth below, Dr. Cohen's testimony is relevant and admissible. Furthermore, all of Wal-Mart's arguments revolve around the contention that at the class certification stage, Plaintiffs are required to submit full and complete

---

[1] Wal-Mart's Evidentiary Objections, Docket No. 156 ("WM Objs."), pp. 1-2.
[2] WM Objs., pp. 7-8.

1
PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO
DECLARATION OF MALCOLM S. COHEN, PH.D.

damages instead of a proposed damage model. This also is not the applicable standard at certification.

## II. The Criticisms of Dr. Cohen's Analysis and Methodology By Wal-Mart's Experts Are Addressed in Dr. Cohen's Supplemental Declaration

Wal-Mart' submits the declarations from two purported experts to criticize Dr. Cohen's analysis and methodology. While it is arguable Wal-Mart's criticisms go to the weight to be afforded the opinions and not the admissibility, Dr. Cohen has addressed all of the comments of Wal-Mart's experts in his Supplemental Declaration.

Wal-Mart's expert Dr. Newlon questions whether Dr. Cohen will eliminate the pharmacists who have only one hour alone in the pharmacy or will they be included in the class.[3] Dr. Cohen clarifies that the class definition pertains to the individual pharmacists and not their shifts. (Cohen Supp. Dec., ¶7) The class definition will be used to determine which Pharmacists are eligible to be in the class and then the time and alarm records will be examined to determine how many eligible shifts each class member had in which the pharmacy was not closed for a rest break. *Id.* Dr. Cohen then explains in detail that the data will allow him to determine which Pharmacists qualify under the class definition, which specific shifts Pharmacists worked alone and did not take a rest break within the first four hours of their shifts. *Id.*

Dr. Newlon then suggests Dr. Cohen's analysis does not address the possibility of Pharmacists taking rest breaks near or inside the pharmacy where the alarm was not set. Dr. Cohen clarifies that Plaintiffs' theory of liability contends Pharmacists were not relieved of all duties for rest breaks if they remained inside the pharmacy or just outside the pharmacy given the requirement the Pharmacist must be present at all times to prevent drug diversion and control access to the

---

[3] WM Objs., p. 3:27-4:2.

pharmacy, meaning the Pharmacist would still be required to maintain eyesight and observation of the pharmacy.  (Cohen Supp. Dec., ¶¶8, 11)

Dr. Newlon also suggests there may be errors in the pharmacy alarm data provided by Wal-Mart and criticizes Dr. Cohen for not "validating" the data.[4]  Dr. Cohen points out that Dr. Newlon does not point to any specific errors or even speculated errors in the data.  Dr. Cohen further states that because the information was provided by Wal-Mart through verified discovery responses and there is no evidence to cause one to suspect the data is not accurate, it is common for experts in this situation to rely on the integrity of the data produced.  (Cohen Supp. Dec., ¶13).  Dr. Cohen does further explain how the data is reviewed to determine whether any records are incomplete or missing.  *Id.*

Wal-Mart's purported expert Dr. Van Liere criticizes Dr. Cohen for not actually conducting the proposed survey prior to certification of the class.[5]  Dr. Cohen explains that because the number and identity of the specific class members has not yet been determined, it would not be feasible to conduct a reliable survey before that time.  (Cohen Supp. Dec., ¶15).

Dr. Van Liere then criticizes Dr. Cohen's proposed methodology for not suggesting a "double-blind" study which means neither the respondent nor the interviewer know the purpose of the survey.[6]  These comments seem inconsistent with what will surely be Wal-Mart's argument that under *Duran v. U.S. Bank Nat. Assn.* 59 Cal.4th 1 (2014) for the proposition defendants are entitled to specific information, including the identity of participants, in the survey in a wage and hour class action.[7]  Dr. Cohen also provides other reasons that would render a double-blind study problematic in this situation.  (Cohen Supp. Dec., ¶16).  For example,

---

[4] WM Objs., p. 3:25-27.
[5] WM Objs., p. 4:3-7.
[6] WM Objs., 4:7-11.
[7] Plaintiffs do not necessarily concede this assertion is correct.

3
PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATION OF MALCOLM S. COHEN, PH.D.

the employer must be identified in the survey in order to direct the participant to the correct information sought. If the reason for the survey is not identified, it is likely the employee will consider the chance the employer is the sponsor of the survey and be fearful to provide candid responses. (Cohen Supp. Dec., ¶6). This could lead to a decreased response rate and increase non-response bias. *Id.*

Dr. Cohen also clarifies the specific methodology to be used to create and conduct the survey. (Cohen Supp. Dec., ¶17). He writes the questions and tests them for clarity and to be sure they are understood by the respondents. *Id.* He explains this process cannot be completed until the class has been established. *Id.*

Finally, Dr. Cohen responds to Dr. Van Liere's comments about addressing issues of memory decay and bias.[8] Dr. Cohen further explains using established survey techniques how he will ask the class members to provide responses based on the typical or average occurrence and then compare with the hard data provided by Wal-Mart. Dr. Cohen explains this "combined approach" will allow him to learn the rest break habits of the Pharmacists. (Cohen Supp. Dec., ¶18).

### III. Wal-Mart's Objections Fail on the Initial Premise that Plaintiffs' Expert is Required to Complete the Survey and Damages Analysis Prior to Certification Because No "Class" Has Been Established to Determine Who Should Be Included in the Survey Sample

Wal-Mart begins by arguing that exclusion of Dr. Cohen's declaration is proper because the proposed random sample survey has not been completed.[9] Wal-Mart contends that because the expert disclosures were due on November 7, 2016 and Dr. Cohen did not include in the disclosures a full survey and analysis, his proposed survey should not be considered at certification.[10]

---

[8] WM Objs., p. 4:11-15.
[9] WM Objs., pp. 3:10-20, 4:3-6, 9:12-17.
[10] WM Objs., p. 1. Although Plaintiffs dispute Wal-Mart's contention that expert designation was due November 7, 2016, nonetheless Plaintiffs designated Dr. Cohen on November 8, 2016 and served a copy of his report, as well as other information required by Rule 26, to the extent possible. It should be noted that Plaintiffs designated Dr. Cohen as a consulting expert on May 20, 2016 in their Supplemental Rule 26 Disclosures, as well as identified him as their expert in their

However, it would be impossible for Dr. Cohen to conduct a scientifically sound survey prior to the determination of which employees are included in the class.[11] Class members are entitled to procedural due process which includes notice and an opportunity to opt-out of the class before they are considered a member of the class. *Hanlon v. Chrysler Corp.* (9th Cir.1998) 150 F.3d 1011, 1024. Therefore Wal-Mart's argument is nonsensical. As Dr. Cohen explains in his Supplemental Declaration, he has no way at this time, prior to the sending of a notice and opt-out period to determine the number and the identity of the individuals who will be included in the class.[12]

Moreover, Rule 26(a)(3) expressly provides that additions or changes to expert reports must be disclosed with the pretrial disclosures, or 30 days before trial. Trial is scheduled for March 7, 2017.[13] There is no authority presented by Wal-Mart that prevents and experts from continuing to do work on the matter and supplement their reports after disclosure. Once the class is certified and membership in the class certain, Dr. Cohen will have adequate time to conduct the survey and analysis to present a damage model at trial.

Wal-Mart has pointed to no authority that states a plaintiff is required to present a fully complete damage model at certification. It is typical for experts at certification to present a proposed analysis and methodology that can be applied once the class is established and the discovery as to those individuals is complete. *Spann v. J.C. Penney Corp.* (2015) 307 F.R.D. 508, 517 [expert declared he could perform analysis after data made available sufficient to establish common pattern

---

original Motion for Class Certification filed on June 16, 2016 and in their renewed Motion for Class Certification filed on October 26, 2016, and submitted his declaration in support of both motions. Accordingly, even if the expert designation of Dr. Cohen was one day late as contended by Wal-Mart (which it wasn't) there could be no prejudice to Wal-Mart as it was well aware of Dr. Cohen and the subject matter of his expert opinions.
[11] Cohen Supp. Dec., ¶15.
[12] Cohen Supp. Dec., ¶15.
[13] Docket No. 84.

5
PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO
DECLARATION OF MALCOLM S. COHEN, PH.D.

and practice would be shown]. It has been held that even *Daubert* the case upon which Wal-Mart relies to make this argument, does not require a completed damage analysis to make the expert testimony admissible. *Guido v. L'Oreal, USA, Inc.* 2014 WL 6603730 *9 (C.D.Cal., 2014) ["…the Court concludes that *Daubert* does not require plaintiffs to actually run their damages models…"].

At the certification stage, "[p]laintiffs need only propose a valid method for calculating class-wide damages, not an actual calculation of damages." *Leyva v. Medline Indus., Inc.* (9th Cir.2013) 716 F.3d 510, 514. Any opinion concerning the actual calculations of damages is not "useful in evaluating whether class certification requirements have been met." *Dukes v. Wal-Mart Stores, Inc.* (2004) 222 F.R.D. 189, 191; *Culley supra* at *2. Therefore, Wal-Mart's assertion that Dr. Cohen's declaration is inadmissible and should not be admissible because he failed to submit the actual damage calculations is unavailing. The methodology proposed must only show that it is possible to determine damages on a class-wide basis. *Leyva v. Medline Indus., Inc.* (9th Cir.2013) 716 F.3d 510, 514.

As Wal-Mart's arguments are all based on the faulty assertion Dr. Cohen's methodology cannot be analyzed because he did not complete the survey and damage analysis, Wal-Mart's objections should be overruled.

**IV.   To the Extent a *Daubert* Analysis is Conducted at Certification the Only Inquiry Is Whether the Evidence is Useful In Evaluating Whether the Rule 23 Elements are Met**

As an initial matter, only one District Court in California has somewhat applied a *Daubert* analysis in a wage and hour class action at the class certification stage.[14] In that case, the Court found arguments identical to Wal-Mart's unpersuasive.[15] At the certification stage, plaintiffs are not required to prove the

---

[14] *Culley v. Lincare, Inc., et al* 2016 WL 4208567 (E.D.Cal., Aug. 10, 2016).
[15] *Culley supra* at *2 [finding expert declaration admissible and relevant where it did not propose a methodology to determine "how or why" employees missed breaks].

merits of their case and therefore the "how or why" employees missed breaks is not required. *Id.* Regardless, the overwhelming majority of cases finding any *Daubert* analysis at the certification stage appropriate involved anti-trust or consumer product issues, not employment issues.[16]

At the certification stage, it is well-established within this district that a "robust gate keeping of expert evidence is **not** required." [emphasis added] *Tait v. BSH Home Appliances supra* at 492-493 [full analysis of law regarding *Daubert* standard at certification stage]. Instead, any inquiry into the use of expert testimony at certification is limited to a determination of whether the expert testimony is useful in evaluating whether class certification requirements have been met. *Tait supra* at 492-493; *Spann v. J.C. Penney supra* at 516; *Culley v. Lincare supra* at *1. The test at certification is whether the expert's opinion was sufficiently reliable to admit for the purpose of proving or disproving Rule 23 criteria such as commonality or predominance or superiority. *Tait,* 289 F.R.D. at 495. Further, expert testimony that is goes only to attack the merits of a claim or defense is irrelevant for purposes of class certification. *Tait,* 289 F.R.D. at 496.

At certification, Plaintiffs need only propose a damage model that relates to Plaintiffs' theory of liability. *Leyva v. Medline supra* 716 F.3d at 514 (9th Cir. 2013). Where there is an evidentiary gap created by an employer's failure to keep adequate records, representative testimony can be used and presented through expert testimony to fill in the gap. *Tyson Foods, Inc. supra* 136 S.Ct. at 1047. Use of the survey and representative evidence proposed by Dr. Cohen will

---

[16] *See Comcast Corp. v. Behrend* (2013) 133 S.Ct. 1426 [anti-trust]; *Spann v. J.C. Penney Corp.* (2015) 307 F.R.D. 508 (C.D.Cal.) [UCL and Consumer Legal Remedy Act claims]; *Tait v. BSH Home Appliance Corp.* (2012) 289 F.R.D. 466 (C.D.Cal.) [consumer protection]; *Guido v. L'Oreal, USA, Inc.* 2014 WL 6603730 (C.D.Cal. July 24, 2014) [product liability]; *Wal-Mart Stores, Inc. v. Dukes* (2011) 564 U.S. 338 [discrimination class action]; *Daubert supra* 43 F.3d 1311 [product liability].

7
PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATION OF MALCOLM S. COHEN, PH.D.

accomplish this task and is permissible. *Id.* Again, it is a proposed model, not a full and complete damage analysis that is required. *Leyva supra* at 514.

Here, Dr. Cohen's testimony is useful in establishing that the determination and presentation of damages at trial will be manageable. Dr. Cohen proposes a methodology gathering data from a representative sample from the class and applying established and accepted scientific methods to determine the number of rest breaks not taken by all class members and the damages resulting there from. (Cohen Dec., ¶¶15-16, 25-26; Cohen Supp. Dec., ¶¶6-8, 16-18). Since the use of representative testimony is appropriate and accepted where employer records are lacking, this methodology enables the trier of fact to obtain detailed information about each class member without the necessity of calling each class member to testify. *Anderson v. Mt. Clemens Pottery Co.* (1946) 328 U.S. 680, 687; *Tyson Foods, Inc. v. Bouaphakeo* (2016) 136 S.Ct. 1036, 1047. Therefore, Dr. Cohen's testimony can be of assistance to the Court in analyzing manageability and superiority. Therefore, Wal-Mart's objections should be overruled.

### V. All of Wal-Mart's Arguments Are Directed at the Merits Which is Not a Proper Basis for Excluding Dr. Cohen's Declaration

It is not necessary for expert testimony to resolve factual disputes related to the merits of plaintiffs' claims. *Tait supra* at 495. At certification, an expert's opinion is limited to whether claims raise common issues regardless of whether the parties or the court agree with the analysis at the merits stage. *Chavez v. Blue Sky Natural Beverage Co.* 268 F.R.D. 365, 377 (N.D.Cal. 2010).

Wal-Mart criticizes Dr. Cohen's proposed methodology claiming it will not reveal "why" a pharmacist did not take a break.[17] This affirmative defense question of "why" an employee did not take a break is an issue that directly relates to the merits and is not an appropriate inquiry at certification. *Faulkinbury v. Boyd &*

---

[17] Defs. Mtn. to Strike, p. 8:18-9:3.

8
PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO
DECLARATION OF MALCOLM S. COHEN, PH.D

*Assoc.* (2013) 216 Cal.App.4th 220, 230 [if an employee is not relieved for a break the burden shifts to the employer to show it was waived]. Furthermore, there is nothing in Dr. Cohen's declaration that states such information will not be procured by the survey. In fact, as set forth in the Cohen Supp. Dec., ¶10, Dr. Cohen specifically states that the survey will contain questions regarding the reasons rest breaks were missed.

Wal-Mart does not challenge the scientific soundness of Dr. Cohen's proposed methodology for conducting the survey, Wal-Mart just asserts, incorrectly, that the proposed methodology is insufficiently related to Plaintiffs' theory of liability because it does not show Wal-Mart failed to "authorize or permit" rest breaks.[18] Plaintiffs' theory is based on the fact that Wal-Mart maintains and enforces common policies that act to impede, prevent and discourage Pharmacists from taking rest breaks. If Plaintiffs establish this, based primarily on documentary evidence in the form of Wal-Mart's own policies and testimony, Plaintiffs will establish Wal-Mart failed to "authorize or permit" rest breaks. *Rai v. Santa Clara Valley Trans. Auth.* 308 F.R.D. 245, 256 (N.D.Cal., Feb. 24, 2015) [where plaintiff's declarants stated they experienced violations, certification appropriate even where some defendant declarants stated to the contrary]. Moreover, once again, Dr. Cohen intends to include in the survey questions regarding reasons why rest breaks were missed. (Cohen Supp. Dec., ¶10).

Wal-Mart does not present any evidence that the pharmacy is closed during working hours for anything other than breaks. Wal-Mart also contends it did not require Pharmacists to remain inside the pharmacy for breaks.[19] Therefore, the only reason shown by the evidence to close the pharmacy during business hours is

---

[18] WM Objs., p. 6:7-26.
[19] WM Opp., p. 15:6-7.

for breaks. Dr. Cohen states he intends to analyze the punch in-punch out records to determine the times each Class Member worked as the sole Pharmacist on duty and to analyze the alarm records to determine whether or not the pharmacy was closed down during the time they worked alone for a rest break.[20] (Lunch breaks can be easily excluded because the Pharmacists punched in and out for lunch). If this analysis shows Pharmacists were not closing down the pharmacy during the time they worked as the sole Pharmacist on duty, the reasonable conclusion can be drawn that they did not take a rest break. *See Moore v. Ulta Salon, Cosmetics, & Fragrance, Inc.* 311 F.R.D. 590, 616-617 (C.D.Cal., Nov. 16, 2015) [a reasonable conclusion was drawn that employees were not paid for time spent going through employer exit inspections where analysis showed no significant variation between stores]. This common evidence will establish, or at least provide a reasonable inference, that Wal-Mart's common policies of requiring the pharmacy not be left unattended and related policies impacted employees similarly.

Dr. Cohen proposes to determine the damages for the class by utilizing established survey methodology for obtaining information that is lacking in Wal-Mart's records.[21] Notably, part of the survey Dr. Cohen proposes is to determine why rest breaks were not taken, which relates to damages and is directly tied to Plaintiffs' theory of liability.[22] Dr. Cohen lays out specifically in how accepted randomization formulas will be applied to the list of class members to select participants for the survey.[23] Dr. Cohen then explains that to reach a 95% confidence level to place the data within a 5-10 percent margin of error, a process he utilizes regularly in his scientific research, to compute the percent of pharmacists who missed one or more breaks or 75% or more of their breaks. The

---

[20] Cohen Dec., ¶8; Cohen Supp. Dec., ¶¶6-9.
[21] Cohen Dec., ¶¶13, 17-20
[22] Cohen Dec., ¶10; Cohen Supp. Dec., ¶10.
[23] Cohen Dec., ¶¶15-16

specific formula to make such a determination is presented in the declaration.[24] Dr. Cohen goes on to explain how the data from the sample will be analyzed to determine any variation in the underlying data to ultimately determine the size of the sample necessary to reach the 95% confidence level.[25]  Dr. Cohen goes on to describe the survey administration process, all of which will be done by him or under his direct supervision.[26] The data obtained from the survey will then be analyzed using established scientific methods to determine the class members who missed rest breaks and the average number of days per week those breaks were missed by class members.[27]  (Cohen Dec., ¶¶26, 28).

Wal-Mart does not challenge or discuss Dr. Cohen's qualifications which clearly establish valid, proven scientific methods will be applied in his analysis. *Guido v. L'Oreal supra* at *7 [qualifications, skill and experience can be considered whether evaluating an expert's reliability].  Dr. Cohen holds a Ph.D. in Economics from MIT.  He worked for the U.S. Bureau of Labor Statistics in Washington D.C. where he served as a Special Census Agent.[28]  He prepared for the U.S. government detailed estimates of number and characteristics of exempt and non-exempt employees for use in congressionally mandated minimum wage studies.  His qualifications in education and work history clearly establish Dr. Cohen is familiar with and will apply well accepted principles in economics.

As set forth above, Dr. Cohen provides a detailed explanation including scientific calculations that explain how the survey will be conducted and the following analysis for purposes of creating a damage model.  This is sufficient for the certification stage.  Therefore, Wal-Mart's objection that Dr. Cohen's declaration is inadmissible under *Daubert* should be overruled.

---

[24] Cohen Dec., ¶20.
[25] Cohen Dec., ¶21
[26] Cohen Dec., ¶¶23-24
[27] Cohen Dec., ¶4
[28] Cohen Dec., ¶3

### VI. If the Court Finds Dr. Cohen's Testimony Relevant to Certification Issues, it Can Be Considered

Wal-Mart's argument that Dr. Cohen's testimony is not relevant is based on the same premise stated throughout its motion: the damage analysis has not been completed. But Wal-Mart fails to acknowledge that the evidentiary standards at certification are not strictly applied and the Court can consider all evidence it deems appropriate. "[T]he Court may consider all material evidence submitted by the parties to determine whether the Rule 23 requirements are satisfied." *Blackie v. Barrack* (9th Cir.1975) 524 F.2d 891, 900-01. At certification, the Court makes not findings of fact or makes any ultimate conclusions of law. Therefore, it may consider evidence that may not be admissible at trial. *Keilholtz v. Lennox Health Prods., Inc.* (N.D.Cal., 2010) 268 F.R.D. 330, 337 n 3. Therefore, if the Court considers Dr. Cohen's testimony useful in making a determination of whether certification is appropriate, it may be considered.

As such, Wal-Mart's objection that Dr. Cohen's declaration is not relevant should be overruled.

### VII. Conclusion

For the reasons stated herein, Plaintiffs respectfully request the Court overrule Wal-Mart's Objections to the Declaration of Malcolm S. Cohen, Ph.D.

Dated: November 14, 2016          THIERMAN BUCK LLP
                                   PARCELLS LAW FIRM
                                   ERIC M. EPSTEIN, APC

                                   By: /s/ Eric M. Epstein
                                       Eric M. Epstein
                                       Attorneys for Plaintiffs