Eric M. Epstein, SBN 64055
Eric M. Epstein, APC
1901 Avenue of the Stars, #1100
Los Angeles, CA 90067-6002
310/552-5366
emepstein@aol.com

Dayton B. Parcells, III, SBN 127495
Parcells Law Firm
1901 Avenue of the Stars, #1100
Los Angeles, CA 90067
310/201-9882
dbparcells@parcellslaw.com

Mark R. Thierman, SBN 72913
Joshua D. Buck, SBN 258324
Thierman Law Firm
7287 Lakeside Drive
Reno, NV 89511
775/284-1500
Mark@Thiermanbuck.com
Josh @Thiermanbuck.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| AFROUZ NIKMANESH, ELVIS ATENCIO, ANNA NGUYEN, AND EFFIE SPENTZOS on behalf of themselves, the general public, and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC., a Delaware corporation, and WAL-MART ASSOCIATES, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. **8:15-CV-00202-AG-JCG**<br>Judge: Andrew J. Guilford<br><br>**FINAL ORDER APPROVING SETTLEMENT AND DISMISSING THE SETTLED MATTERS** |

This matter came before the Court on Plaintiffs' Motion for Final Approval of Settlement ("Final Approval Motion").

---

[PROPOSED] FINAL ORDER APPROVING SETTLEMENT AND DISMISSING THE SETTLED MATTERS

WHEREAS, a putative class action is pending before the Court entitled *Afrouz Nikmanesh, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 8:15-CV-00202 (United States District Court for the Central District of California) (the "Litigation"); and

WHEREAS, the Parties have agreed to settle certain claims in the Litigation (the "Settled Matters"), subject to Court approval and in accordance with the terms of the Parties' Settlement Agreement ("Agreement"); and

WHEREAS, the Court has received and reviewed the Agreement and has considered the terms of the proposed settlement as set forth therein (the "Settlement"); and

WHEREAS, all terms used herein shall have the same meanings as set forth in the Agreement, unless otherwise defined herein; and

WHEREAS, on October 17, 2016, the Court entered its order preliminarily approving the Settlement, approving the form and method of notice, and setting a date and time for a final fairness hearing to consider whether the Settlement should be finally approved by the Court pursuant to Rule 23(d) of the Federal Rules of Civil Procedure as fair, adequate, and reasonable (the "Preliminary Approval Order"); and

WHEREAS, the Preliminary Approval Order further directed that all Settlement Class Members be given notice of the Settlement and of the date for the final fairness hearing; and

WHEREAS, the Court has received the Declaration of Jarrod Salinas attesting to the providing of notice in substantial accordance with the Preliminary Approval Order; and

WHEREAS, as part of the Preliminary Approval Order, the Court certified the Settlement Class for settlement purposes only in accordance with the terms of the Agreement; and

WHEREAS, the Court having considered that no timely objections to the Settlement were filed; and

WHEREAS, the Court having conducted a Final Fairness Hearing on February 27, 2017 (the "Settlement Approval Hearing"), and having considered the arguments presented, all papers filed and all proceedings had therein,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of this action, this Settlement, the Settlement Class Members, and all Defendants.

2. In accordance with Rule 23(d) of the Federal Rules of Civil Procedure and the requirements of due process, all members of the Settlement Class have been given proper and adequate notice of the Settlement. Based upon the evidence submitted by the parties, the Settlement Agreement, the arguments of counsel, and all the files, records and proceedings in this case, the Court finds that the Notice and notice methodology implemented pursuant to the Agreement and the Court's Preliminary Approval Order: (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Settlement Approval Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law.

3. The Settlement in this action warrants final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure because it resulted from vigorously contested litigation, extensive discovery and motion practice, and extensive good-faith arm's length negotiations between the parties, and is it is fair, adequate, and reasonable to those it affects, considering the following factors:

    (1) the risk of fraud or collusion;

    (2) the complexity, expense and likely duration of the litigation;

    (3) the amount of discovery engaged in by the parties;

    (4) the likelihood of success on the merits;

        (5) the opinions of class counsel and class representatives;

        (6) the reaction of absent class members; and

        (7) the public interest.

(*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Staton v. Boeing Co.,* 327 F.3d 938, 959 (9th Cir. 2003)).

        Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair. *(Ellis v. Naval Air Reward Facility,* 87 F.R.D. 15, 18 (N.D. Cal. 1980)*; In re Austrian and German Holocaust Litig.,* 80 F.Supp.2d 165, 173-4 (S.D.N.Y. 2000).

    4.    The Final Approval Motion is hereby GRANTED, and the Settlement as set forth in the Agreement is hereby APPROVED as fair, reasonable, adequate, and in the public interest, and the terms of the Agreement are hereby determined to be fair, reasonable and adequate, and for the exclusive benefit of the Settlement Class Members. The Parties are directed to consummate the Agreement in accordance with its terms.

    5.    The Court APPROVES payment of the Class Settlement Amount in accordance with the terms of the Agreement.

    6.    The Court APPROVES payment of Class Representative Incentive Payments to the four Settlement Class Representatives in the aggregate amount of $25,000 to be allocated as follows:

- Afrouz Nikmanesh: $8,000
- Effie Spentzos: $8,000
- Elvis Atencio: $4,500
- Anna Nguyen: $4,500

    7.    The Court APPROVES payment of Attorneys' Fees and Litigation Expenses to Class Counsel in the amount of $266,666 for Attorney's Fees and $65,000 in Litigation Expenses in accordance with the terms of the Agreement and to be divided by Class Counsel in accordance with their agreement . The Court further finds that no attorneys

have asserted any attorney liens as to the Attorneys' Fees and Litigation Expenses awarded by the Court.

8. The planned distribution of the Class Settlement Amount is hereby APPROVED as fair, adequate, and reasonable. The Class Settlement Amount shall be distributed in accordance with the terms of the Agreement. The Court approves payment to the Settlement Administrator, Simpluris, Inc. in the sum of $12,527.

9. The Settled Matters are hereby DISMISSED WITH PREJUDICE and without costs to any Party, other than as specified in the Agreement and this Order, and this Order shall constitute a final determination and final Order by this Court of the Settled Matters for purposes of appeal or any further judicial proceedings.

10. In consideration of the Class Settlement Amount provided for under the Agreement, and for other good and valuable consideration, each of the Releasing Settlement Class Members shall, by operation of this Order, have fully, finally, and forever released, relinquished, and discharged all Settlement Class Member Released Claims and The Named Plaintiffs' Released Claims against Wal-Mart in accordance with Section 12 of the Agreement, the terms of which section are incorporated herein by reference, shall have covenanted not to sue Wal-Mart with respect to all such released claims and shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any such released claims against Wal-Mart.

11. Without affecting the finality of this Order in any way, this Court retains jurisdiction over (a) implementation of the Settlement and the terms of the Agreement; (b) distribution of the Class Settlement Amount, the Class Representative Incentive Payments and the Attorneys' Fees and Litigation Expenses Amount; (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Agreement and the Settlement, and the administration of Claims submitted by Settlement Class Members; and (d) all claims in the Litigation excluded from the Settled

Matters. This Order shall constitute a final determination and final order by the Court of the Settled Matters for purposes of appeal or any further judicial proceedings.

12. In the event that the Settlement Effective Date does not occur, this Order shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Settlement Class Members, and Wal-Mart.

IT IS SO ORDERED.

Dated: ___3/3/2017_____

_____
The Honorable Andrew J. Guilford
United States District Court,
Central District of California