UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-00202 AG (JCGx) | Date | March 13, 2017 |
|---|---|---|---|
| Title | AFROUZ NIKMANESH v. WAL-MART STORES, INC. ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:	Attorneys Present for Defendants:

**Proceedings:	[IN CHAMBERS] ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs Afrouz Nikmanesh, Elvis Atencio, Anna Nguyen, and Effie Spentzos, on behalf of themselves and others similarity situated sued Defendants Wal-Mart Stores, Inc. and Wal-Mart Associates, Inc. (together "Walmart") for various wage-and-hour claims. Walmart has moved for summary judgment on Nikmanesh's three individual claims.

The Court GRANTS Defendants' motion for partial summary judgment. (Dkt. No. 139.)

1.	**EVIDENTIARY OBJECTIONS**

Even though the Court had previously warned both parties about "voluminous boilerplate and largely inapplicable evidentiary objections," Walmart has once again filed over 50 pages of boilerplate evidentiary objections. First, if some evidence is irrelevant, then that evidence obviously doesn't help the Court in its analysis so any relevancy objections are unnecessary. And second, Walmart already presents arguments in its reply brief attacking the credibility of some of Plaintiffs' evidence. Those arguments discuss improper self-serving declarations and the Ninth Circuit rule under *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) that a party can't create an issue of fact by submitting affidavits that contradict prior deposition testimonies. The Court has considered these arguments and hasn't relied on improper evidence in this analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00202 AG (JCGx) | Date | March 13, 2017 |
|---|---|---|---|
| Title | AFROUZ NIKMANESH v. WAL-MART STORES, INC. ET AL. | | |

## 2. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Essentially, the inquiry is whether the evidence creates "sufficient disagreement to require submission to a jury," or whether it is "so one-sided" that the defendants "must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). At this stage, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the party opposing the [summary judgment] motion." *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). But if the moving party carries that burden, then the nonmoving party must produce enough evidence to create a genuine issue of material fact. *Id.* at 322–23.

## 3. UNDISPUTED FACTS

The following facts are undisputed.

Nikmanesh worked for Walmart in the positions of Pharmacy Manager and Pharmacy Floater for over ten years. During this time she raised some concerns with her superiors about various issues regarding her work environment and Walmart's alleged non-compliance with certain regulations. In 2012, she became the Pharmacy Manager in store 5687 in Irvine, California and remained in that position until her employment there ended in September 2014.

Two other characters are relevant in discussing this motion:

> • **MaryAnn Dabney**: Walmart Market Health and Wellness Director and Nikmanesh's supervisor from February 2014 to September 2014; and
> • **Ami Bhatt**: Walmart Regional Health and Wellness Director and Dabney's supervisor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00202 AG (JCGx) | Date | March 13, 2017 |
|---|---|---|---|
| Title | AFROUZ NIKMANESH v. WAL-MART STORES, INC. ET AL. | | |

In February 2014, Nikmanesh began submitting job applications for positions with multiple other employers, including the California State Board of Pharmacy ("State Board"). In September 2014, the State Board offered Nikmanesh a full-time job and Nikmanesh accepted the position. Walmart has a policy where a full-time pharmacist who decides to leave that position but still wants to work part-time is welcome to stay and work if there's an available part-time position. On September 19, 2014, Nikmanesh sent the following email to Dabney:

> I am taking a position with the State Board of Pharmacy and consequently I will be stepping down from my position as a pharmacy manager. Since my last day will be Monday 09/29/2014 can you please check with compliance to see the best route to take so we avoid making me the PIC, which is going to be changed literarily [sic] right away ! I would think that it would make much more sense to appoint someone that is going to be here either permanently or at least till you assign someone permanently.

(Mot., Dkt. No. 139, Ex. 2.) PIC is short for Pharmacist in Charge. (*See* Dkt. No. 169-1 at 9.)

Later on that same day she sent another email to Dabney:

> I was informed today that I have been accepted by the Board of Pharmacy to be an inspector. I start my new job as of Wednesday October 01, 2014 and consequently I will mark Monday 09/29/2014 as my last day here to give myself time to prepare for my trip to Sacramento. Meanwhile I would like to keep my employment with Wal-Mart and become a floater if that's ok with you.
> I apologize that this notice is a bit less than desired but I certainly would like to start my new adventure as requested by the Board.

(*Id.*, Ex. 4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00202 AG (JCGx) | Date | March 13, 2017 |
|---|---|---|---|
| Title | AFROUZ NIKMANESH v. WAL-MART STORES, INC. ET AL. | | |

Dabney replied to Nikmanesh four days later on September 23, 2014:

> FYI regarding your interest in a PT floating position. I don't currently have any available part-time positions, but I have reached out to the other MHWDs to see if they have anything you might be interested in. I will let you know what I hear back.

(*Id.*, Ex. 6.)

After she was told that no floater position was available, Nikmanesh asked if she could go on an indefinite unpaid leave of absence while starting work with the State Board. Walmart's personal leave of absence management guidelines states that the management "must not grant personal leave to associates who want to take time off to accept or continue employment with another employer or to begin a self-employment venture." (Mot., Dkt. No. 139, Ex. 1 at PageID #: 5830.) So Nikmanesh's request for a leave of absence was denied.

Nikmanesh's position as an employee ended on September 24, 2014, during a meeting between Nikmanesh, Dabney, and Bhatt.

**4.      ANALYSIS**

Walmart moves for summary judgment on claims 10 and 11 in Plaintiff's Second Amended Complaint ("SAC"). Nikmanesh has asserted those claims against Walmart for "wrongful termination in violation of public policy" and "retaliation in violation of California Labor Code Section 1102.5." Walmart also asks the Court to dismiss the SAC's 12th claim brought under the California Private Attorney General Act ("PAGA") to the extent it's premised on the wrongful termination allegations. Walmart argues that Nikmanesh was never terminated but instead she voluntarily resigned. Walmart further argues that even if Nikmanesh was terminated, there's no evidence that her termination was retaliatory in any way. Nikmanesh doesn't dispute that she stepped down from her position as a Pharmacy Manager. But she states that she intended to remain as a "floater" and Walmart retaliated against her by "firing" her because she was a "whistle blower."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00202 AG (JCGx) | Date | March 13, 2017 |
|---|---|---|---|
| Title | AFROUZ NIKMANESH v. WAL-MART STORES, INC. ET AL. | | |

A claim for purported wrongful termination in violation of public policy requires some form of termination. The termination may be either actual or constructive. *See Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1244 (1994). "Constructive discharge occurs when the employer's conduct effectively forces an employee to resign." *Id.* The evidence is clear here. Nikmanesh resigned from her position as a Pharmacy Manager when she emailed her supervisor. Nikmanesh later asked to stay as a floater pharmacist but her resignation was accepted. Although Nikmanesh's email shows that she wanted a floater position, it doesn't show that her resignation was conditioned upon an availability of a floater position.

Nikmanesh doesn't appear to be arguing that her termination was constructive. Instead, Nikmanesh argues that her termination was actual because there was an available floater position. Nikmanesh attempts to support this argument by pointing to bits and pieces of an email sent by her supervisor, Dabney. Nikmanesh presents the email as stating, "I currently only have one open position in my Market, a PT weekend floater position" "[I do] not wish to extend this offer to her," "Am I able to let her know that I do not have a PT position for her." (Opp'n., Dkt. No. 169 at 4.)

But the email itself, attached as an exhibit to Nikmanesh's own opposition brief, shows that Dabney actually sent the following email to Bhatt:

> Can use your help and expertise with this one . . . Pharmacy Manager of 5687 Irvine, Alex Nikmanesh, says her last day as Pharmacy Manager will be 9/29. In her email she states that she has gotten a job as a State Board Investigator, and would like to stay on as PT floater. I do not need an extra floater, nor do I wish to extend this offer to her. I do not have enough hours to even fulfill my current FT staff at their base minimum. I currently only have one open position in my Market, a PT weekend floater position, and that has been guaranteed to one of my grad interns who is exceptional. Additionally, I have a second grad intern who I am also trying to place.
> Am I able to let her know I do not have a PT position for her and accept her resignation?

(Opp'n., Dkt. No. Ex. 9)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00202 AG (JCGx) | Date | March 13, 2017 |
|---|---|---|---|
| Title | AFROUZ NIKMANESH v. WAL-MART STORES, INC. ET AL. | | |

The pharmacy graduate intern that the email refers to, Natalie Nguyen, was already working for Walmart at the time of this email exchange. Dabney had checked with other market directors to see if they had part-time floater positions available. The only open position was in Victorville, California, which was hours away from Nikmanesh's residence. Nikmanesh hasn't argued or otherwise presented any evidence that she would have accepted a part-time position located hours away.

A tautology—quitting is quitting—comes to mind here. When employees tell their supervisors that they're quitting, they've resigned from their position. And when an employee quits, the employer has a right to decide whether that employee who expressed a desire to go elsewhere can return to work. Nikmanesh's self serving declarations that at times contradicted her deposition testimony don't convince the Court otherwise. *See Kennedy*, 952 F.2d at 266 (stating that "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."). Nikmanesh's counsel's presented some arguments at the hearing on this motion that weren't easily identifiable in counsel's opposition brief. Those oral arguments were also unconvincing. Since Nikmanesh voluntarily resigned from her position, there was no termination here.

The Court next turns to Nikmanesh's retaliation claim. "To establish a prima facie case of retaliation "a plaintiff must show (1) she engaged in a protected activity, (2) her employer subjected her to an adverse employment action, and (3) there is a causal link between the two." *Mokler v. Cty. of Orange*, 157 Cal. App. 4th 121, 138 (2007) (internal quotation marks omitted). Once that prima facie case is established, the defendant "must counter with evidence of a legitimate, nonretaliatory explanation for its acts." *Id.* And "[i]f defendant meets this requirement, the plaintiff must then show the explanation is merely a pretext for retaliation." *Id.*

Nikmanesh has established that she engaged in protected activities by complaining to and notifying Walmart of its noncompliance with various rules and regulations. But Nikmanesh hasn't established the remaining two elements of retaliation. Nikmanesh argues that she was subject to the following adverse actions: she was denied promotions because she was a whistleblower, she deserved a bonus but didn't receive one, she was more qualified than others for promotions that she never received, and she was "fired." A "district court can disregard a self-serving declaration that states only conclusions and not facts that would be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 15-00202 AG (JCGx) | Date | March 13, 2017 |
|---|---|---|---|
| Title | AFROUZ NIKMANESH v. WAL-MART STORES, INC. ET AL. | | |

admissible evidence." *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497–98 (9th Cir. 2015). All of these arguments are based on Nikmanesh's own declaration. She points to no other evidence establishing how she was wrongfully denied of the benefits she believes she deserved. Moreover, other than pointing to the proximity of time between her protected activities and the allegedly retaliatory actions, Nikmanesh hasn't provided evidence to establish a causal link between the two.

There's no dispute of the material facts here and Walmart is entitled to summary judgment as a matter of law on both Nikmanesh's claims for wrongful termination and retaliation. And Nikmanesh's PAGA claim, to the extent that it's based on those two claims, is dismissed. *See Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1147 (2011) (holding "[b]ecause the underlying causes of action fail, the derivative . . . PAGA claims also fail.")

### 5.   DISPOSITION

The Court GRANTS Defendants' motion for partial summary judgment. (Dkt. No. 139.)

:   0

Initials of Preparer

lmb