UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 15-00202 AG (JCGx) | Date | March 22, 2017 |
|---|---|---|---|
| Title | AFROUZ NIKMANESH v. WAL-MART STORES, INC. ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings:** **[IN CHAMBERS] ORDER GRANTING DEFENDANTS' MOTION REGARDING PLAINTIFFS' PAGA CLAIM**

Plaintiffs Afrouz Nikmanesh, Elvis Atencio, Anna Nguyen, and Effie Spentzos, on behalf of themselves and others similarity situated sued Defendants Wal-Mart Stores, Inc. and Wal-Mart Associates, Inc. (together "Walmart") for various wage-and-hour claims. Plaintiffs were all Walmart pharmacists. The parties reached a settlement on some of Plaintiffs' claims. The Court previously denied class certification of Plaintiffs' remaining claims and dismissed Nikmanesh's three individual claims. Plaintiffs' operative complaint alleges, in part, representative claims for missed rest breaks on behalf of California pharmacists, to recover civil penalties under California's Private Attorneys General Act ("PAGA"). Walmart now moves to dismiss Plaintiffs' rest break claims under PAGA ("PAGA Claim"), arguing that the claim fails as a matter of law.

The Court GRANTS Walmart's motion. (Dkt. No. 188.) Plaintiffs' PAGA Claim is DISMISSED.

1.     **LEGAL STANDARD**

"[A] district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016) (internal quotations omitted). There are certain limits to those powers. "First, the exercise of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-00202 AG (JCGx) | Date | March 22, 2017 |
|---|---|---|---|
| Title | AFROUZ NIKMANESH v. WAL-MART STORES, INC. ET AL. | | |

an inherent power must be a reasonable response to the problems and needs confronting the court's fair administration of justice." *Id.* at 1892 (internal quotations omitted). And "[s]econd, the exercise of an inherent power cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute." *Id.*

2.  ANALYSIS

Walmart argues that the Court should exercise its inherent powers to manage this case by determining that Plaintiffs' PAGA Claim fails for three reasons: (1) Plaintiffs' notice letters to the California Labor and Workforce Development Agency ("LWDA") are inadequate; (2) Plaintiffs can't pursue a representative action on behalf of absent parties unless they also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure; and (3) Plaintiffs' PAGA Claim is unmanageable.

    2.1  Letters to the LWDA

Walmart first argues that Plaintiffs' PAGA claim fails because Plaintiffs' notice letters to the LWDA were insufficient. Before bringing a PAGA action, an employee must first "give written notice by certified mail to the [LWDA] and the employer of the specific provisions of [the California Labor Code] alleged to have been violated, including the facts and theories to support the alleged violation." Cal. Lab. Code § 2699.3(a)(1). In the Ninth Circuit, that notice must contain sufficient "factual allegations or theories of liability to . . . allow the [LWDA] to intelligently assess the seriousness of the alleged violations . . . [and] to permit the employer to determine what policies or practices are being complained of so as to know whether to fold or fight." *Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1057 (9th Cir. 2015). If a PAGA notice letter "is a series of legal conclusions," then it is insufficient under Labor Code Section 2699.3(a)(1). *Id.*

As an initial point, Plaintiffs argue that Walmart has waived this argument because they waited until the eve of trial to attack the insufficiency of the LWDA notice letters. Plaintiffs don't cite any authority that says such an attack is waived if it's not brought at an earlier stage of litigation. The Court isn't convinced by Plaintiffs' waiver argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00202 AG (JCGx) | Date | March 22, 2017 |
|---|---|---|---|
| Title | AFROUZ NIKMANESH v. WAL-MART STORES, INC. ET AL. | | |

Plaintiffs then argue that their letter is sufficient because it names the aggrieved employees, the relevant dates, and the specific provision of the Labor Code that was allegedly violated. This argument fails too. While there are factual allegations in the letters regarding other violations of the Labor Code, there's only one paragraph in each of the two letters that alleges rest break law violations. Those paragraphs are almost identical and state:

> The aforesaid employee of the Company, on her own behalf, and on behalf of all other aggrieved employees, also alleges that the Company violated Section 226.7 of the Labor Code by failing to provide legally mandated rest periods to non-exempt Pharmacists employed in California from December 1, 2010 to the present, in accordance with the requirements of Wage Order 4-2001, Section 12.

(Dkt. No. 25-1, Ex. 12 at 70 & Ex. 13 at 74.)

The only difference between what's alleged in the letters here versus what was alleged in the insufficient *Alcantar* letter is that dates are alleged here. The Ninth Circuit didn't say whether dates alone would be sufficient factual allegations to give the requisite notice but dates alone are not enough here. Nothing about dates would allow the LWDA to assess the "seriousness of the alleged violations" or allow the employer " to determine what policies or practices are being complained of." *See Alcantar*, 800 F.3d at 1057. Plaintiffs' argument that Walmart did receive notice of the policies that Plaintiffs were complaining about once Plaintiffs filed their complaint is unconvincing. The notion that a complaint filed after an LWDA notice letter sufficiently puts an employer on notice and therefore fulfils the Section 2699.3(a)(1) notice requirements is unsupported by caselaw.

At the hearing on this matter, Plaintiffs cited an unpublished Ninth Circuit opinion. *Green v. Bank of Am., N.A.*, 634 F. App'x 188, 190 (9th Cir. 2015). *Green* involved an employer's alleged denial of "simple seating claims." *Id.* at 191. That unpublished opinion doesn't convince the Court to deny Walmart's motion.

Plaintiffs' PAGA Claim is dismissed for failing to satisfy the prerequisite notice requirements under Section 2699.3(a)(1) of the California Labor Code.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00202 AG (JCGx) | Date | March 22, 2017 |
|---|---|---|---|
| Title | AFROUZ NIKMANESH v. WAL-MART STORES, INC. ET AL. | | |

### 2.2 Rule 23 Requirements

Walmart next argues that Plaintiffs can't pursue a PAGA action without satisfying the class action requirements under Federal Rule of Civil Procedure 23. Walmart points out that the Court previously denied class certification and in doing so held that Plaintiffs couldn't satisfy Rule 23 requirements.

Courts in the Ninth Circuit are split whether a California PAGA claim must proceed under the requirements of Rule 23. A majority of courts hold that a PAGA action is not a class action and therefore doesn't need to be brought under Rule 23. *See, e.g.*, *Thomas v. Aetna Health of Cal., Inc.*, 2011 WL 2173715, at *1213 (E.D. Cal. June 2, 2011); *Varsam v. Lab. Corp. of Am.*, 2015 WL 4623111, at *6 (S.D.Cal. Aug. 3, 2015); *Cardenas v. McLane Foodservice, Inc.*, 2011 WL 379413, at *3 (C.D.Cal. Jan. 31, 2011); *Kilby v. CVS Pharmacy, Inc.*, 2012 WL 1132854, at *6 (S.D.Cal. Apr. 4, 2012); *Gonzalez v. Millard Mall Servs., Inc.*, 281 F.R.D. 455, 469 (S.D.Cal.2012); *McKenzie v. Fed. Express Corp.*, 765 F.Supp.2d 1222, 1234 (C.D.Cal.2011). Many courts that find Rule 23 doesn't apply to PAGA claims rely on the California Supreme Court decision *Arias v. Superior Court*, 46 Cal.4th 969 (2009). In *Arias*, the court held that state "class action requirements . . . need not be met when an employee's representative action against an employer is seeking civil penalties under [PAGA]." *Id.* at 975.

The Ninth Circuit has held "that PAGA is not sufficiently similar to Rule 23 to establish the original jurisdiction of a federal court under CAFA." *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1124 (9th Cir.2014). But the Ninth Circuit also said in the same case that "[w]e do not today decide whether a federal court may allow a PAGA action otherwise within its original jurisdiction to proceed under Rule 23 as a class action." *Id.* This Court previously decided that a PAGA claim isn't governed by Rule 23. *Brown v. Am. Airlines, Inc.*, 2015 WL 6735217, at *3 (C.D. Cal. Oct. 5, 2015). The Court isn't inclined to deviate from its own precedent without some sort of change in the law.

### 2.3 Manageability of Plaintiffs' PAGA Claim

Lastly, Walmart argues that Plaintiffs' PAGA Claim should be dismissed because it is unmanageable. To prove its PAGA Claim, "Plaintiff[s] will have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff[s] seek[] to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00202 AG (JCGx) | Date | March 22, 2017 |
|---|---|---|---|
| Title | AFROUZ NIKMANESH v. WAL-MART STORES, INC. ET AL. | | |

recover civil penalties under PAGA." *Hibbs-Rines v. Seagate Techs., LLC.*, 2009 WL 513496, at *4 (N.D. Cal. Mar. 2, 2009). So some district courts within the Ninth Circuit have stricken or dismissed PAGA claims as unmanageable where the allegations would require the fact-finder to make numerous individualized assessments. *See, e.g., Salazar v. McDonald's Corp.*, 2017 WL 88999, at *7–9 (N.D. Cal. Jan. 5, 2017); *Ortiz v. CVS Caremark Corp.*, 2014 WL 1117614, at *4 (N.D. Cal. Mar. 19, 2014), *Brown v. Am. Airlines, Inc.*, 2015 WL 6735217, at *1 (C.D. Cal. Oct. 5, 2015), *Bowers v. First Student, Inc.*, 2015 WL 1862914, at *4 (C.D. Cal. April 23, 2015); *Amey v. Cinemark USA Inc.*, 2015 WL 2251504, at *17 (N.D. Cal. May 13, 2015).

Plaintiffs argue that this case will be manageable. According to Plaintiffs, the trier of fact will just decide whether the evidence proves Walmart discouraged the reasonable pharmacist from taking a rest break. And Plaintiffs state that "the data will conclusively demonstrate" who the aggrieved employees are. (Dkt. No. 190 at 3.) But even under Plaintiffs' reasonableness standard, there are still too many individualized variables at play. For example, a reasonable pharmacist might be discouraged from taking a 10 minute break if the pharmacist would first have to take 35 minutes to secure the premises. But that same reasonable pharmacist might not be discouraged from taking a 10 minute break if the pharmacist would only have to take 30 seconds to first secure the premises. (*See* Dkt. No. 155 at 20; Dkt. No. 153 at 70.) The Court pointed to other examples of individualized variables when it denied class certification for failure of common questions to "predominate over questions affecting only individual class members." (Order, Dkt. No. 179 at 8–9.) The numerous individualized inquiries in this case render Plaintiffs' PAGA Claim unmanageable.

Plaintiffs' PAGA Claim is alternatively dismissed as unmanageable.

### 3. DISPOSITION

The Court GRANTS Walmart's motion. (Dkt. No. 188.) Plaintiffs' PAGA Claim is DISMISSED.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | | |
| lmb | | |