# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFROUZ NIKMANESH,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware corporation, and WAL-MART ASSOCIATES, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendant. | Case No. 8:15-cv-00202- JGB-JCG<br><br>**Assigned to Hon. Jesus G. Bernal**<br><br>**JUDGMENT ON JURY VERDICT**<br><br>[Proposed] |

This action came on regularly for trial by jury on August 24, 2021, in Courtroom 1 of the United States District Court for the Central District of California, Eastern District, before the Honorable Jesus G. Bernal, Judge Presiding.

Plaintiff AFROUZ NIKMANESH was represented by Dayton B. Parcells III of Parcells Law Firm and Eric M. Epstein of ERIC M. EPSTEIN, APC. Defendants WALMART INC. (formerly known as Wal-Mart Stores, Inc.) and WAL-MART

ASSOCIATES, INC. were represented by Cheryl Johnson-Hartwell and Susan E. Coleman of BURKE, WILLIAMS & SORENSEN, LLP.

A jury of eight (8) persons was duly impaneled and sworn. Witnesses were sworn and testified. After hearing the evidence, the jury was duly instructed by the Court. After hearing the arguments of counsel, the case was submitted to the jury. The jury deliberated and thereon duly returned the following special verdicts:

### Wrongful Discharge in Violation of Public Policy

**Question No. 1:**   Did Walmart discharge Afrouz Nikmanesh's employment?
    Yes  X    No _____
    If your answer to Question No. 1 is "Yes," answer Question No. 2. If you answered "No," go to Question No. 5.

**Question No. 2:**   Was Afrouz Nikmanesh's reporting or disclosure of information of Walmart overcharging Medicare customers over the age of 65 and persons under the age of 65 with disabilities for their medications, and/or not properly reporting the dispensement of controlled substances to the Department of Justice under the Controlled Substance Utilization Review and Evaluation System program, a substantial motivating reason for Walmart's decision to discharge Afrouz Nikmanesh?
    Yes  X    No _____
    If your answer to Question No. 2 is "Yes," answer Question No. 3. If you answered "No," go to Question No. 5.

**Question No. 3:**   Was Afrouz Nikmanesh harmed by the discharge?
    Yes  X    No _____

If your answer to Question No. 3 is "Yes," answer Question No. 4. If you answered "No," go to Question No. 5.

**Question No. 4:** Was the discharge a substantial factor in causing harm to Afrouz Nikmanesh?

Yes __X__   No _____

Go to Question No. 5.

### Whistleblower Protection – (Lab. Code §§ 1102.5, 1102.6)

**Question No. 5:** Did Afrouz Nikmanesh report or disclose to a person with authority over her or an employee with authority to investigate, discover, or correct legal violations or noncompliance, information of Walmart overcharging Medicare customers over the age of 65 and persons under the age of 65 with disabilities for their medications, and/or not properly reporting the dispensation of controlled substances to the Department of Justice under the Controlled Substance Utilization Review and Evaluation System program?

Yes __X__   No _____

If your answer to Question No. 5 is "Yes," answer Question No. 6. If you answered "No" to Question No. 5 and "Yes" to Questions 1-4, then answer Question No. 12. If you answered "No" to Question No. 5 and "No" to any of Questions 1-4, then stop here, answer no further questions, and have the foreperson sign and date this Special Verdict form at the end of the last page.

**Question No. 6:** Did Afrouz Nikmanesh have reasonable cause to believe that the information disclosed a violation of a federal, state, or local statute, rule, or regulation?

Yes __X__        No _____

If your answer to Question No. 6 is "Yes," answer Question No. 7. If you answered "No" to Question No. 6 and "No" to any of Questions 1-4, then stop here, answer no further questions, and have the foreperson sign and date this Special Verdict form at the end of the last page.

**Question 7:** Did Walmart retaliate against Afrouz Nikmanesh by: (1) not promoting her, (2) giving her a poor performance evaluation, (3) not giving her a bonus, or (4) not permitting her to step down from her position as a Pharmacy Manager and continue to remain employed at Walmart as a Pharmacy Floater?

Yes __X__        No _____

If your answer to Question No. 7 is "Yes," answer Question No. 8. If you answered "No" to Question No. 7 and "No" to any of Questions 1-4, then stop here, answer no further questions, and have the foreperson sign and date this Special Verdict form at the end of the last page.

**Question 8:** Was Afrouz Nikmanesh's disclosure of information of Walmart overcharging Medicare customers over the age of 65 and persons under the age of 65 with disabilities for their medications, and/or not properly reporting the dispensation of controlled substances to the Department of Justice under the Controlled Substance Utilization Review and Evaluation System program a contributing factor in Walmart's decision to discharge or retaliate against her by (1) not promoting her, (2) giving her a poor performance evaluation, (3) not giving her a bonus, or (4) not permitting her to step down from her position as a Pharmacy Manager and continue to remain employed at Walmart as a Pharmacy Floater?

Yes __X__        No _____

If your answer to Question No. 8 is "Yes," answer Question No. 9. If you

answered "No" to Question No. 8 and "No" to any of Questions 1-4, then stop here, answer no further questions, and have the foreperson sign and date this Special Verdict form at the end of the last page.

**Question No. 9:** Was Afrouz Nikmanesh harmed by Walmart (1) not promoting her, (2) giving her a poor performance evaluation, (3) not giving her a bonus, or (4) not permitting her to step down from her position as a Pharmacy Manager and continue to remain employed at Walmart as a Pharmacy Floater?

Yes __X__     No _____

If your answer to Question No. 9 is "Yes," answer Question No. 10. If you answered "No" to Question No. 9 and "No" to any of Questions 1-4, then stop here, answer no further questions, and have the foreperson sign and date this Special Verdict form at the end of the last page.

**Question No. 10:** Was Walmart's decision to: (1) not promote Afrouz Nikmanesh, (2) give her a poor performance evaluation, (3) not give her a bonus, or (4) not permit her to step down from her position as a Pharmacy Manager and continue to remain employed at Walmart as a Pharmacy Floater a substantial factor in causing harm to Afrouz Nikmanesh?

Yes __X__     No _____

If your answer to Question No. 10 is "Yes," answer Question No. 11. If you answered "No" to Question No. 10 and "No" to any of Questions 1-4, then stop here, answer no further questions, and have the foreperson sign and date this Special Verdict form at the end of the last page.

**Question No. 11:** Has Walmart proved by clear and convincing evidence that it would have (1) not promoted Afrouz Nikmanesh, (2) given her a poor performance

evaluation, (3) not given her a bonus, or (4) not permitted her to step down from her position as a Pharmacy Manager and continue to remain employed at Walmart as a Pharmacy Floater anyway for legitimate, independent reasons unrelated to her reporting or disclosure of information of Walmart overcharging Medicare customers over the age of 65 and persons under the age of 65 with disabilities for their medications, and/or not properly reporting the dispensement of controlled substances to the Department of Justice under the Controlled Substance Utilization Review and Evaluation System program?

Yes \_\_\_\_\_     No __X__

If your answer to Question Nos. 1, 2, 3, and 4 were all "Yes" OR your answer to Question Nos. 5, 6, 7, 8, 9, and 10 were all "Yes," AND your answer to Question No. 11 was "No", answer Question No. 12 by adding up and stating the total amount of damages to be awarded to Afrouz Nikmanesh on all causes of action for which you found liability. (***Note:*** If you decide that Afrouz Nikmanesh prevails on more than one of the above causes of action and if the damages she suffered on different causes of action are identical, count that damage only once. Do not award duplicative damages.)

If your answer to Question Nos. 1, 2, 3, and 4 were not all "Yes" AND your answer to Question Nos. 5, 6, 7, 8, 9, and 10 were not all "Yes" and/or your answer to Question No. 11 was "Yes", stop here, answer no further questions, and have the foreperson sign and date this Special Verdict form at the end of the last page.

**Question No. 12**: What are Afrouz Nikmanesh's damages:

Past economic loss:                     $40,100.00

Past non-economic loss (these should not include damages intended for punishment, but should be limited to damages for loss of enjoyment of life, mental suffering, physical pain, or emotional distress):           $100,000.00

Future non-economic loss (these should not include damages intended for punishment, but should be limited to damages for loss of enjoyment of life, mental suffering, physical pain, or emotional distress): $60,000.00

**TOTAL:** $200,100.00

Go to Question No. 13.

## Punitive Damages Questions

**Question No. 13:** Has Afrouz Nikmanesh proven by clear and convincing evidence <u>one</u> of the following:

a. That conduct constituting malice, oppression, or fraud was committed by an officer, director, or managing agent of Walmart who acted on behalf of Walmart; or

b. That conduct constituting malice, oppression, or fraud was authorized by an officer, director, or managing agent of Walmart; or

c. That an officer, director, or managing agent of Walmart knew of conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

Yes __X__       No_____

If you answered "Yes" to Question No. 14, you will return to the courtroom for a brief presentation of additional evidence before calculating the amount of punitive damages.

**Question No. 14:** What amount of punitive damages, if any, do you award? $27,100,000.00

It appearing that by reason of those special verdicts, Plaintiff is entitled to judgment against Defendants;

| | |
|---|---|
| 1 | **NOW, THEREFORE, IT ORDERED, ADJUDGED, AND DECREED** that Plaintiff AFROUZ NIKMANESH recover from Defendants WALMART INC. (formerly known as Wal-Mart Stores, Inc.) and WAL-MART ASSOCIATES, INC., jointly and severally, damages in the total sum of TWENTY SEVEN MILLION THREE HUNDRED THOUSAND ONE HUNDRED DOLLARS ($27,300,100.00), consisting of $40,100.00 for past economic loss, $100,000.00 for past non-economic loss, $60,000.00 for future non-economic loss, and $27,100,000.00 for punitive damages. |

As the prevailing party Plaintiff may apply to the Court for an award of costs upon a proper Bill of Costs and an award of prejudgment interest and/or reasonable attorney's fees upon a proper motion in accordance with California law.

DATED: _____

_____
HON. JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE